# EXHIBIT 1

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

JOHN L. BURRIS, Esq., SBN 69888
ADANTE D. POINTER, Esq., SBN 236229
PATRICK M. BUELNA, Esq. SBN 317043
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:	(510) 839-5200
Facsimile:	(510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com
Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JAIME, et al.,<br><br>　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF ALAMEDA,<br><br>　　　Defendants. | Case No.: 3:19-cv-08367-RS<br><br>REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE (1) |

**REQUESTING PARTY**:	PLAINTIFFS

**RESPONDING PARTY:**	DEFENDANTS

**SET NUMBER:**	ONE

REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANTS - 1

# INSTRUCTIONS

In accordance with F.R.C.P. 26 and 34, Plaintiffs request that responding party answer under oath the following requests for the production of documents within thirty days of service hereof. In answering these requests, you are required to furnish such information as is available to you, including information in the possession of your attorneys and investigators for your attorneys.

If any of these requests cannot be answered in full, please answer to the extent possible, specifying the reasons for your inability to provide responses to the remainder of the request and stating whatever information, knowledge or belief you do have concerning the unanswered portion.

If you object to responding to any of the requests on the ground that the information sought is privileged or otherwise protected by any rule of law, you shall provide the following information with respect to each such response:

1.  All persons to whom the information has been disclosed, the dates such disclosure took place, the location such disclosure took place, who was present at such disclosure, the general subject matter of the disclosure without violating the privilege asserted, and the means of such disclosure;

2.  The nature of the privilege or rule of law relied upon and the facts supporting your position with respect thereto.

# DEFINITIONS

The term "ALL" shall mean any and ALL.

The term "AND" shall be understood to mean "OR" AND vice versa whenever such construction results in a broader request for information.

The term "DOCUMENT" means a writing as defined in California Evidence Code Section 250 and F.R.E. 1001, and includes handwriting, typewriting, printing, photographs and every other means of recording upon any tangible thing, any form of communication or representation, including letters, words, pictures, sound or symbols, or combinations thereof. It also includes any information stored on a computer, on a computer disk or recorded on tape or disk, etc.

REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANTS - 2

The term "INCIDENT" refers to the events alleged in Plaintiff's operative Complaint.

The term "IDENTIFY" when referring to a document shall include the following information: (a) the author OR originator of the DOCUMENT; (b) every person to whom the DOCUMENT was sent OR transferred; (c) the date on which the DOCUMENT was created; (d) each date on which it was sent OR transferred; (e) the type of DOCUMENT (e.g., letter, memorandum, chart, etc.); (f) a detailed description of the matter, nature, substance, AND content of the DOCUMENT; AND (g) the present location AND present custodian of the DOCUMENT, OR the date on which the DOCUMENT was lost, discarded, destroyed, altered, OR relinquished from your possession, custody, OR control.

The term "PERSON" means all natural persons, partnerships, consortiums, joint ventures and every other form of legally recognized entity, including corporations and governmental entities.

The term "PERTAINING TO" means commenting upon, concerning, regarding, discussing, reflecting, relating to, relevant to, used in connection with, or evidencing and is to be construed in the very broadest sense of the term.

The term "RELATE TO" means commenting upon, concerning, regarding, discussing, reflecting, relating to, relevant to, used in connection with, or evidencing and is to be construed in the very broadest sense of the term.

The term "YOU," YOUR," or "DEFENDANT" means the party in the instant litigation that is responding to these interrogatories.

The term "RECORDING" includes any method of memorializing an occurrence by way of audio, video and/or written means.

REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANTS - 3

The term "INVOLVED OFFICER" includes any and all ALAMEDA law enforcement officers who participated, interacted with, and/or took independent action in using force, detaining and/or bring into custody Plaintiff during the INCIDENT.

The term "INTERNAL AFFAIRS HISTORIES" includes all documents that concern or at all relevant to any formal or informal complaint made against or about the deputies from any source and concerning any subject matter.  As such, discoverable documents include documents concerning all complaints and other disciplinary or internal police review of activities listed for the deputies in the file maintained by COUNTY OF ALAMEDA.

TEO  (including findings and conclusions); documents concerning each incident listed in the disciplinary record for each officer; documents concerning all complaints and other disciplinary or internal review of activities of the deputies which were investigated under the supervision of their commanding deputies during various assignments with COUNTY OF ALAMEDA concerning the complaints made against the deputies.  It is of no consequence as to whether the complaints were founded or unfounded or the officer exonerated.

## PLAINTIFF'S REQUESTS

**REQUEST NO. 1:**

Any and all DOCUMENTS regard in the Incident described in the Complaint and any investigation and/or follow-up to the INCIDENT, including but not limited to:

   (a) officer reports, incident reports, narrative/supplemental reports, accident reports,
      investigation reports, administrative reports, stop data reports, field  contacts cards, and
      all other  reports;

   (b) all DOCUMENTS concerning statements and/or interviews with witnesses, informants,
      law enforcement officers, and any party to this case, whether written, transcribed,

recorded, or in any other format (If statements or interviews exist in more than one format, i.e. transcribed and recorded, please produce them in each format);

(c) all DOCUMENTS concerning witnesses, including lists of witnesses and notes of witness interviews and/or contacts, preliminary and otherwise;

(d) all dispatch, 911, computer-aided dispatch (CAD) and any other radio and telephone recordings and transmissions (if this information exists in more than one format, i.e. transcribed and recorded, please produce it in each format), and all documentation relating to such recordings/transmission, including CAD notes/reports (Please produce dispatch/radio recordings in real time, i.e. without the omission of dead airtime, and in a consolidated format with dead airtime removed);

(e) all physical evidence;

(f) all DOCUMENTS regarding evidence, including evidence lists, evidence tags and property logs;

(g) all lab records, including but not limited to evidence sheets, evidence tags, lab request, testing, studies, raw data, analysis, reports, conclusions, and chain of custody logs;

(h) all medical and/or injury records concerning PLAINTIFF;

(i) all photographs, video recordings, audio recordings, drawings, sketches, and all other recordings and/or depictions;

(j) all logs, daily activity sheets, dispatch information, notes, memoranda, emails, computer records, correspondence, and all other DOCUMENTS compiled an/or kept in any format;

(k) all electronically stored data and information, including but not limited to emails, social media messages and/or posts comments, text messages, cellular phone call/missed call entries and times, in-car computer data, MDT data, digital photographs and/or recordings,

REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANTS - 5

and voice mail messages, and all such information whether created, stored, or maintained in Defendants' official electronic devices or on Defendants' personal electronic devices, including but not limited to cell phones;

(l) complete DOCUMENTS of any and all investigation and/or review of this INCIDENT by or for the ALAMEDA Sheriff Department, by or for "Internal Affairs" or similar entity, by the ALAMEDA Sheriff Department or anyone on its behalf, by or for the County of ALAMEDA, by any use-of-force or shooting review board or similar entity, by or for any prosecutor, and by or for any law enforcement agency (by "complete documentation," this request seeks ALL documentation of any such investigation(s) and/or review(s), from start to finish, including but not limited to all complaints, all records of investigation and/ or fact finding, all records of review and/or analysis, all records of any meetings or communications related thereto, all records of any recommendations, all records of any disposition and/or conclusion, all records of any discipline or changes in policy or training, all records of any review board or administrative review body, and all other records);

(m) all DOCUMENTS provided to any law enforcement agency, and any prosecuting attorney and/or prosecutor's office, including, but not limited to the Tulare District Attorney, California Department of Justice, United States Department of Justice, and the Federal Bureau of Investigations (FBI);

(n) all DOCUMENTS concerning any alleged violation of law by PLAINTIFF at any time (including tickets, citations, investigations, incident or police reports, statements and drawings) that currently are physically in Defendants' possession.  Please note:  This NOT a request for any NEW wants or warrants checks, NOR for any NEW law

enforcement database inquiries, and Plaintiff asserts all rights, including privacy rights, precluding such new inquiries and object to any such new inquiries

(o) all DOCUMENTS concerning citations and criminal charges recommended, filed and/or brought against any person in connection with the INCIDENT; and

(p) all documents generated by Defendants or on behalf of the ALAMEDA Sheriff Department concerning the INCIDENT.

**REQUEST NO. 2:**

Any and all DOCUMENTS, including recordings, transcripts, logs, computer-aided dispatch (CAD) notes, and reports concerning any complaint, call, or work to which the INVOLVED OFFICERS were responding at the time of the INCIDENT.

**REQUEST NO. 3:**

Any and all DOCUMENTS concerning or at all relevant to any formal or informal complaint or investigation made concerning any INVOLVED OFFICER herein and/or the ALAMEDA Sheriff Department, from any source, relating to the INCIDENT, including but not limited to all complaints, records of investigation(s), statements form any witness or person interviewed and/or with knowledge concerning the complaint or investigation, investigation logs, findings, conclusions, statements (in every format, including written, audiotaped and videotaped), photos, all recordings concerning the disposition of any such complaints, and all records concerning any counseling, training, and/or discipline anyone received as a result of any such complaint or investigation.

**REQUEST NO. 4:**

Any and all DOCUMENTS that comprise or are part of the records of the ALAMEDA Sheriff Department, or part of the personnel file, employment records, and/or complaint/disciplinary

history of EACH INVOLVED OFFICER; and for FIVE (5) years prior to the INCIDENT to the present, concerning contacts with and/or procedures concerning the following: arrest procedure; detention procedure; detentions; arrests; use of force; including deadly force; positional asphyxia/excited delirium training; in-custody death investigation; internal affairs investigation; homicide investigation; biased-based policing; bias; truthfulness; report writing; code of silence; evidence integrity; discourtesy; professionalism and decorum, including but not limited to:

(a) complete complaint and disciplinary DOCUMENTS;

(b) complete DOCUMENTS regarding any and all citizen, law enforcement and/or other complaints against each INVOLVED OFFICER, including all records of any complaints/charges of misconduct, investigation, conclusions, final disposition, review, and any resulting discipline, retraining, or other action taken.

**REQUEST NO. 5:**

Any and all DOCUMENTS containing information or disclosure of matters pertaining to the credibility or possible impeachment of testimony of any INVOLVED OFFICER at any time, including but not limited to all Brady disclosures or other information concerning each INVOLVED OFFICER'S convictions and/or any administrative or other findings of dishonesty or false reporting, or false statements, to the ALAMEDA Sheriff Department, any prosecutor, member of the District Attorney's office, member of the Public Defender's office, criminal defense attorney, or any law enforcement agency.

**REQUEST NO. 6:**

Any and all DOCUMENTS concerning the hiring, appointment, and promotion of DEFENDANTS, including complete documentation of any investigation into his background and fitness to be a law enforcement officer.

REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANTS - 8

**REQUEST NO. 7:**

Any and all DOCUMENTS concerning each INVOLVED DEFENDANT's training (at all times) related to:

(a) contact with mentally ill persons;

(b) mental health detentions/arrests;

(c) compliance with Title II of the Americans with Disabilities Act;

(d) mental health evaluations;

(e) mental health treatment;

(f) use of solitary confinement;

(g) use of safety cells;

(h) use of strait jackets;

(i) suicide prevention protocols;

(j) in-custody death protocols;

(k) use of restraints;

(l) arrest procedure;

(m) arrests;

(n) detention procedure;

(o) detentions;

(p) de-escalation techniques;

(q) use of force, including deadly force;

(r) takedowns

(s) body camera devices

(t) use of cameras and other recording devices;

(u) internal affairs investigation;

(v) detention/arrest of fleeing suspects;

(w) summoning and/or provision of medical care;

(x) report procedures/requirements;

(y) bias-based policing;

(z) bias;

(aa) truthfulness;

(bb) evidence integrity;

(cc) discourtesy;

(dd) professionalism and decorum; and

(ee) code of silence.

**REQUEST NO. 8:**

Any and all DOCUMENTS concerning each INVOLVED OFFICER's job performance, evaluations, and supervision from FIVE (5) years prior to the incident to the present.

**REQUEST NO. 9:**

Any and all DOCUMENTS concerning awards, commendations, and recognition of each INVOLVED OFFICER's accomplishments from FIVE (5) years prior to the incident to the present.

**REQUEST NO. 10:**

Any and all DOCUMENTS concerning each INVOLVED OFFICER's mental and physical condition at the time of the INCIDENT.

/

/

**REQUEST NO. 11:**

Any and all DOCUMENTS (including but not limited to all DOCUMENTS regarding formal policies, informal policies, procedures, customs, training bulletins, guidelines, and other training documents) reflecting the policies, procedures, training and/or customs of the ALAMEDA Sheriff Department from three years prior to the INCIDENT to the present, regarding the following matters:

(a) contact with mentally ill persons;

(b) mental health detentions/arrests;

(c) compliance with Title II of the Americans with Disabilities Act;

(d) mental health evaluations;

(e) mental health treatment;

(f) use of solitary confinement;

(g) use of safety cells;

(h) use of strait jackets;

(i) use of restraints;

(j) suicide prevention protocols;

(k) in-custody death protocols;

(l) arrest procedure;

(m) arrests;

(n) detention procedure;

(o) detentions;

(p) de-escalation techniques;

(q) use of force;

(r) takedowns;

(s) body camera devices

(t) use of cameras and other recording devices;

(u) internal affairs investigation;

(v) detention/arrest of fleeing suspects;

(w) summoning and/or provision of medical care;

(x) report procedures/requirements;

(y) bias-based policing;

(z) bias;

(aa)    truthfulness;

(bb)    evidence integrity;

(cc)    discourtesy;

(dd)    professionalism and decorum; and

(ee)    code of silence.

(ff) officer's knowledge of ALAMEDA Sheriff Department policies;

(gg)    citizen complaint and/or misconduct investigation procedures;

(hh)    procedures for hiring law enforcement officers, including background investigations;

(ii) all matters which Defendants contend that the policies, procedures and/or customs of the ALAMEDA Sheriff Department governed their conduct in the INCIDENT.

**REQUEST NO. 12:**

Any and all DOCUMENTS (including but not limited to all DOCUMENTS regarding formal policies, informal policies, procedures, customs, training bulletins, guidelines, and other training

documents) reflecting the policies, procedures, training and/or customs of the ALAMEDA Sheriff Department at the present time if such have changed since the time of the INCIDENT, regarding each of the matters listed above in request numbers 11(a) through 11(ii).

**REQUEST NO. 13:**

Any and all DOCUMENTS related to any training provided for the ALAMEDA Sheriff Department or involved officers concerning on the use of force (including but not limited to videos, syllabi, handouts, and printed material).

**REQUEST NO. 14:**

Any and all DOCUMENTS including but not limited to bills, invoices, and contracts concerning any and all training and/or consulting.

**REQUEST NO. 15:**

Any and all DOCUMENTS regarding any injury, whether physical or psychological, to any Defendant or other law enforcement officer sustained in or as a result of the INCIDENT, including but not limited to all medical records, all psychotherapeutic records, all injury reports and records, all documentations concerning work-related injury and/or worker's compensation claims and/or disability claims, statements, photographs, all records concerning any missed work or disability, and all records related to any such injury including records concerning any preexisting injuries or conditions.

**REQUEST NO. 16:**

Any and all DOCUMENTS concerning this INCIDENT and and/all communication contracts, and/or cooperation between the ALAMEDA Sheriff Department and any of the following: The ALAMEDA County District Attorney's Office, ALAMEDA County Sheriff's Department, the

State of California, the California Department of Justice, the United States Department of Justice, the Federal Bureau of Investigation, and/or any other law enforcement agency.

**REQUEST NO. 17:**

Any and all DOCUMENTS obtained from any other source (i.e., not generated by Defendants), including any other law enforcement agency, regarding the INCIDENT OR PLAINTIFFS.

**REQUEST NO. 18:**

Any and all DOCUMENTS concerning radio and/or dispatch codes used by the ALAMEDA Sheriff Department at the time of the INCIDENT, including any key or listing of code definitions.

**REQUEST NO. 19:**

Any and all DOCUMENTS that currently are physically in Defendant's possession, concerning any alleged crimes or bad acts at any time by, Decedent, and/or any witness disclosed by any party to this action. Please note: This is NOT a request for any NEW warrants or warrants checks, NOR for any NEW law enforcement database inquires, and Plaintiff asserts all rights, including privacy rights, precluding such new inquires and object to any such new inquires.

**REQUEST NO. 20:**

Any and all DOCUMENTS that Defendants contend support their defenses and/or contentions in this case.

**REQUEST NO. 21:**

Any and all DOCUMENTS that Defendants may use as evidence, demonstrative aids, or in any other way at trial in this case.

**REQUEST NO. 22:**

REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANTS - 14

Any and all DOCUMENTS which Defendants have provided to any witness who may give expert testimony in this matter.

/

**REQUEST NO. 23:**

Any and all DOCUMENTS concerning insurance and/or pooled risk management coverage, including but not limited to complete insurance and excess insurance policies, declaration sheets, and/or pooled risk agreements that may cover any defendant for any claim(s) alleged in this matter.

**REQUEST NO. 24:**

Any and all DOCUMENTS concerning reservations of rights or possible denial of insurance or risk coverage for PLAINTIFF'S claims in this matter.

**REQUEST NO. 25:**

Any and all text messages, emails, and/or social media posts sent from, or received by, any INVOLVED OFFICER that mention, refer, or relate to the INCIDENT, PLAINTIFF, PLAINTIFF'S family members, at any time.

Dated: April 1, 2020

/s/ Patrick M. Buelna

PATRICK M. BUELNA
Law Offices of John L. Burris
Attorneys for Plaintiffs

REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE TO DEFENDANTS - 15